UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAGOBERTO MARINO CHUN AGUILAR, | ) | |
| Petitioner, | ) | |
| | ) | No. 1:26-cv-1528 |
| v. | ) | |
| | ) | |
| | ) | Honorable Paul L. Maloney |
| UNKNOWN PARTY, | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER DENYING PETITIONER'S MOTIONS FOR TEMPORARY RESTRAINING ORDERS

This matter comes before the Court on Petitioner's emergency motions, (ECF Nos. 4, 5), which the Court interprets as motions for a temporary restraining order ("TRO"). The Federal Rules of Civil Procedure require that motions for a TRO be accompanied by sworn statements or other documents constituting a factual record and contain reasons that notice to the opposing party should not be required. *See* Fed. R. Civ. P. 65(b). Petitioner's motions do not meet these requirements, so they will be denied.

### I.

District courts may issue TROs at their discretion, *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008), but TROs are an "extraordinary and drastic remedy" not to be "granted lightly," *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017). Under Rule 65, courts may issue TROs without notice to the adverse party only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified

1

complaint showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, courts must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The four factors "are not prerequisites that must be met, but are interrelated concerns that must be balanced together." *Ne. Ohio Coal.*, 467 F.3d at 1009.

## II.

In the present motions, Petitioner did not provide an affidavit or sworn document of any kind, and he did not certify that he made efforts to give notice to Defendants or give reasons why notice should not be required. Absent a factual record and reason to act without notice to the adverse party, the Court lacks a basis on which to grant Petitioner's motions. Additionally, the Court has jurisdictional concerns which suggest Petitioner's chance of success on the merits is less than substantial. In his petition, Petitioner argues that he was given a bond hearing and denied bond based on an inappropriate weighing of evidence. (*See* ECF No. 1 at PageID.3). The Court may lack jurisdiction to hear this claim. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this

2

section regarding the detention of any alien or the revocation or denial of bond or parole.").

Additionally, Petitioner seeks an order preventing any removal action, (ECF No. 5 at

PageID.39), but the Court may lack jurisdiction to review the execution of any final order of

removal that may be entered against Petitioner, *see* § 1252(a)(5).

### III.

Petitioner's motions for a TRO (ECF Nos. 4, 5) are **DENIED**. For Petitioner to

receive the relief he seeks, he must comply with the procedural requirements of the Federal

Rules of Civil Procedure and provide a record on which the Court could base a grant of

relief.

**IT IS SO ORDERED.**

Date:  May 11, 2026                                   /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge