UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAGOBERTO MARINO CHUN
AGUILAR,

                Petitioner,

v.

MARKWAYNE MULLIN et al.,

                Respondents.
_____/

Case No. 1:26-cv-1528

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a "constitutionally adequate custody hearing" within seven days. (Pet., ECF No. 1, PageID.4.)

In an Order entered on May 11, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

---

[1] The Court previously granted Petitioner leave to proceed *in forma pauperis*. (Order, ECF No. 8.)

not be granted.[2] (Order, ECF No. 8.) Respondents filed their response and a recording of the March 12, 2026, bond hearing on May 18, 2026. (Resp., ECF No. 11; Recording of March 12, 2026, Bond Hearing, filed on May 18, 2026.) Petitioner did not file a reply.

## II.    Relevant Factual Background

Petitioner is a citizen of Guatemala who entered the United States in 2005. (Pet., ECF No. 1, PageID.1; Resp., ECF No. 11, PageID.52.) On October 27, 2025, ICE arrested Petitioner. (*Id.*)

On February 24, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Chun Aguilar v. Raycraft* (*Chun Aguilar I*), No. 1:26-cv-625 (W.D. Mich.). In *Chun Aguilar I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Chun Aguilar I*, (W.D. Mich. March 9, 2026), (ECF Nos. 8, 9).

On March 12, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2.) At the conclusion of the March 12, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "When considering the Respondent's 2018 OVI conviction, together with the circumstances related to the OVI offense, the Respondent's lengthy history of repeated driving without a valid license, and his misrepresentations or deception regarding his driving history, the Court finds the Respondent is a danger to persons or property." (Immigration Judge Order, ECF No. 2-3, PageID.16.)

---

[2] On May 15, 2026, Respondents filed a Motion for Extension of Time to Respond to Habeas Petition, requesting an extension until May 15, 2026, to file their response. Although Respondents filed their response on May 18, 2026, the Court grants Respondent's motion for an extension until May 18, 2026.

### III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues (1) he is being unlawfully detained; (2) the Immigration Judge made a constitutionally deficient bond determination; and (3) the prolonged detention is causing Petitioner medical harm and irreparable injury. (Pet., ECF No. 1, PageID.2-3.) Petitioner challenges the findings of the Detroit Immigration Court as related to the denial of his bond, arguing that the Immigration Judge placed a "disproportionate weight on a past DUI conviction." (*Id.*) Petitioner also claims his detention is aggravating his gastritis and depression. *(Id.)* Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 11, PageID.53–56.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because

3

"the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision. (*See* Pet., ECF No. 1, PageID.3.) Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case. Moreover, based on the record before the Court at the time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing or otherwise conducted a constitutionally deficient bond determination. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      June 2, 2026            /s/ Jane M. Beckering
                                   Jane M. Beckering
                                   United States District Judge

4